*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *MARK S. JUSTASON,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-55-P-C* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

This Supplemental Security Income ("SSI") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges disability stemming from depression, anxiety, obesity, hepatitis C, hernia and back and knee pain, is capable of making an adjustment to work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was obese and had major depression, a history of drug and alcohol abuse and degenerative joint disease of the right knee with possible torn meniscus, impairments that were severe but did not meet or equal those listed in Appendix 1 to Subpart P, 20

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 29, *(continued on next page)*

C.F.R. § 404 (the "Listings"), Finding 2, Record at 21; that, excluding the effects of substance abuse, he retained the residual functional capacity ("RFC") to lift and carry up to twenty pounds occasionally and up to ten pounds on a regular basis; stoop, kneel, crouch or crawl occasionally; climb minimally; carry out routine, repetitive tasks; and do low-stress work that involved no more than occasional changes, exercise of judgment or need for decision-making, Finding 4, *id*.; that, based on his exertional capacity for light work, age (48, a "younger individual"), educational background (high school) and work experience (semi-skilled), Rule 202.21 of Table 2, Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") would direct a conclusion of "not disabled," Findings 7-10, *id*. at 21-22; that his capacity for light work was not so compromised that he could not adjust to other jobs existing in significant numbers in the national economy, as a result of which a finding of "not disabled" was reached within the framework of the above-cited rule, Finding 11, *id*. at 22; and that therefore the plaintiff had not been under a disability at any time through the date of decision, Finding 12, *id*.  The Appeals Council declined to review the decision, *id*. at 7-10, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 416.920(f);  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff asserts that the administrative law judge erred in (i) ignoring a physical RFC assessment by Disability Determination Services ("DDS") non-examining physician James H. Hall, M.D., (ii) relying on vocational testimony with respect to three jobs that the plaintiff lacked the capacity to perform, (iii) failing to clarify the nature of "low-stress" work the plaintiff required, and (iv) improperly rejecting the mental RFC assessment of a treating psychiatrist, Scott W. Treworgy, M.D.  *See generally* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 11).  I agree that remand is warranted on the basis of the mishandling of the Treworgy report.  For the benefit of the parties on remand, I briefly address the plaintiff's remaining points of error.[2]

### I.  Discussion

### A.  Treatment of Treating Psychiatrist

As the administrative law judge acknowledged, Dr. Treworgy was the plaintiff's treating psychiatrist.  *See* Record at 17.  He had begun treating the plaintiff in 1999 and continued to treat him fairly regularly through the date of hearing, save for a period of approximately two years during which the plaintiff was incarcerated.  *See, e.g., id.* at 37-38, 276, 286, 549-50, 553-54.

---

[2] At oral argument, counsel for the plaintiff withdraw a fifth claim of error – that the administrative law judge failed to reopen a prior claim (made in 1998 or 1999).  *See* Statement of Errors at 1-2.  Counsel acknowledged that this claim was predicated on a faulty factual premise.

On May 9, 2003 Dr. Treworgy completed a mental RFC assessment (Exhibit 28F) in which he indicated that as a result of the plaintiff's major depression, mood swings and problems with interpersonal relationships he possessed only a "fair" capacity to perform a number of job-related functions, including following work rules, relating to co-workers, dealing with the public, using judgment, interacting with supervisors, dealing with work stresses, functioning independently, maintaining attention/concentration, and understanding, remembering and carrying out even simple job instructions. *See id.* at 418-21. "Fair" was defined to mean "[a]bility to function in this area is seriously limited but not precluded" (in contrast to "Unlimited or Very Good," denoting a "more than satisfactory" ability to function, "Good," denoting a "limited but satisfactory" ability, and "Poor or None," denoting "[n]o useful ability to function in this area." *Id.* at 418.

By letter dated October 27, 2003 (Exhibit 33F) Dr. Treworgy added: "Mr. Mark Justason is a patient under my care. He has major depression as a diagnosis and as a result is now totally disabled. He is not able to work on a full time sustained basis. He continues to have severe depression, mood swings, irritability and feelings of hopelessness." *Id.* at 529.

In his Statement of Errors, the plaintiff offered two different theories for faulting the administrative law judge's rejection of the Treworgy mental RFC assessment: (i) that, although the administrative law judge acknowledged that his (the administrative law judge's) mental RFC differed from that of Dr. Treworgy, he substituted his own version of the mental limitations for those of the treating psychiatrist, and (ii) the administrative law judge did not correctly discount Dr. Treworgy's opinion or properly choose "the competing RFC of the DDS examiner" because he did not give legitimate reasons for diverging from Dr. Treworgy's opinion. *See* Statement of Errors at 5.

As the plaintiff's counsel clarified at oral argument, these theories, in some respects, gave the administrative law judge more credit than he was due. While the administrative law judge did

acknowledge, and express reasons for rejecting, Dr. Treworgy's opinion that the plaintiff was "totally disabled," he never so much as acknowledged Dr. Treworgy's mental RFC opinion. *See* Record at 16-21. Nor, inasmuch as appears, did he adopt any "competing" mental RFC opinion: There was none. Two DDS non-examining psychologists, Charles Rothstein, Ph.D., and David R. Houston, Ph.D., whose reports predated the Treworgy opinions, both assessed the plaintiff's mental impairments as non-severe. *See id*. at 180-93 (Rothstein Psychiatric Review Technique Form ("PRTF") dated January 29, 2003), 202-15 (Houston PRTF dated April 18, 2003). Thus, they were not obliged to, and did not, complete mental RFC assessments. *See, e.g*., 20 C.F.R. § 416.920a(4). The Record contains two consultative psychological reports – those of Dana B. Sattin, Ph.D., and DDS consulting examiner Roger Ginn, Ph.D. *See* Record at 353-55 (Ginn report dated January 23, 2003), 321-24 (Sattin report dated July 20, 2000). However, neither of these reports purports to be a mental RFC assessment; instead, they are fairly characterized (along with progress notes and the like) as "raw medical data" that would be taken into consideration in crafting a mental RFC.[3]

Thus, from all that appears, the plaintiff's core contention as clarified at oral argument – that the administrative law judge simply substituted his own view of mental RFC for that of the treating psychiatrist – is correct. This was error on at least two fronts. First, as noted above, at Step 5 the record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform work existing in significant numbers in the national economy. *See, e.g., Rosado*, 807 F.2d at 294. Dr. Treworgy's RFC assessment stands as the only expert RFC opinion of record. The administrative law judge, as a layperson, was not qualified to substitute his own views

---

[3] At oral argument, counsel for the commissioner contended that the Ginn report was, in essence, a mental RFC assessment inasmuch as Dr. Ginn opined that at the time of the report the plaintiff had no short-term memory problems or cognitive difficulties and "would not have any difficulty getting along with coworkers or dealing with any work-related stress." Record at 354. While the Ginn report touched on some areas that typically are addressed in crafting a mental RFC, it did not purport to be a comprehensive mental RFC assessment.

with respect to the complex mental-health issues presented. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record").

Second, as the plaintiff suggests, *see* Statement of Errors at 5-6, the administrative law judge's handling of the opinion of a treating psychiatrist fell short of acceptable standards. Dr. Treworgy's RFC assessment touched on a subject matter (RFC) with respect to which determination is reserved to the commissioner, and even opinions of a treating source are accorded no "special significance." *See* 20 C.F.R. § 416.927(e)(1)-(3). Nonetheless, such an opinion is entitled to consideration based on factors that include length of treatment relationship, supportability of the opinion and consistency with the record as a whole. *See id.* § 416.927(d)(2)-(6); Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004) ("SSR 96-5p"), at 124 ("In evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)."). Even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." SSR 96-5p at 127; *see also, e.g.*, 20 C.F.R. § 416.927(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). No explanation was furnished for rejection (in whole or part) of Dr. Treworgy's mental RFC opinion.[4]

---

[4] I am unable to find any source in the voluminous Record for the administrative law judge's findings that the plaintiff could "carry out routine, repetitive tasks, and do low stress work which involves no more than occasional changes, exercise of judgment, or need for decision making." Record at 20. Arguably, as counsel for the commissioner posited at oral argument, these limitations bear some passing resemblance to certain observations made in the Ginn report. *Compare id. with id.* at 354. However, in the absence of any reasoned explication, it is difficult to tell.

As the plaintiff suggests, *see* Statement of Errors at 6, one cannot be confident that these errors were harmless.  A flawed RFC transmitted to a vocational expert undermines the relevance of that expert's testimony.  *See, e.g., Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions.").  As noted above, the administrative law judge's mental RFC determination was flawed.  The vocational testimony on which he relied thus cannot carry the commissioner's Step 5 burden of demonstrating capacity to perform jobs existing in significant numbers in the national economy.

### B.  Other Points

For the benefit of the parties on remand, I briefly touch on the plaintiff's remaining points of error:

1.  <u>That the administrative law judge erred in ignoring the physical RFC assessment of DDS non-examining consultant Dr. Hall</u>.  *See* Statement of Errors at 2-3.  The plaintiff is correct. While the administrative law judge was free to choose among competing physical RFC opinions, he should have provided an explanation for the choice.  *See, e.g*., Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004) ("SSR 96-6p"), at 130 ("Because State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining

physicians and psychologists.  Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.").[5]

       2.    <u>That the vocational testimony regarding particular jobs was flawed</u>.  *See* Statement of Errors at  3-4.  Counsel for the commissioner conceded at oral argument that the plaintiff could not have performed the job of inspector given the RFC found by the administrative law judge, and I agree with the plaintiff, *see id*., that he could not have performed a second job (that of surveillance monitor) with that RFC.  The administrative law judge found the plaintiff limited to the performance of "routine, repetitive tasks[,]" Record at 20; however, such a limitation is inconsistent with the surveillance-monitor job, which requires a General Educational Development ("GED") reasoning level of 3, *see* Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") § 379.367-010; *Trebilcock v. Barnhart*, No. 04-18-P-S, 2004 WL 2378856, at *3 (D. Me. Oct. 25, 2004) (rec. dec., *aff'd* Nov. 15, 2004); *see also Carter v. Barnhart*, No. 05-38-B-W (D. Me. Nov. 30, 2005) (rec.dec.).  The only basis on which the plaintiff faults the third job identified by the vocational expert – that of Cashier II (DOT § 211.462-010) – is that it is inconsistent with the Hall RFC determination (which found him limited to sedentary work).  *See* Statement of Errors at 3.  Nonetheless, to the extent the administrative law judge permissibly implicitly rejected the Hall physical RFC opinion in favor of a competing physical RFC assessment by DDS non-examining consultant Lawrence P. Johnson, M.D., *see* Record at 194-201 – a point I need not decide – this argument implodes.  The plaintiff did not suggest in his Statement of Errors, or at oral argument, that the number of Cashier II jobs in the regional or national economy is insufficient to constitute a significant number of jobs.  *See* Statement of Errors at 3.

---

[5] I need not, and do not, decide whether this would have been reversible error standing alone.

3.      That the administrative law judge failed to make findings regarding the nature of the plaintiff's stress, the circumstances that trigger it and how it affects his ability to work, in violation of *Lancellotta v. Secretary of Health & Human Servs.*, 806 F.2d 284 (1st Cir. 1986). *See id*. at 4-5. This point is without merit.  This case is materially distinguishable from *Lancellotta* in that the administrative law judge did not simply find (and posit to the vocational expert) that the plaintiff required a "low-stress" job.  Rather, he defined the parameters of "low stress," explaining that it meant limitation to occasional decision-making, occasional changes in the work setting and occasional exercises of judgment. *Compare* Finding 4, Record at 21 & *id*. at 65 *with Lancellotta*, 806 F.2d at 285 ("Despite the finding that Lancellotta suffers from a severe mental impairment, and cannot perform his past jobs, the ALJ did not explain what differences exist between Lancellotta's prior work and the available 'low-stress' jobs that would enable him to perform the latter when he cannot perform the former.  The ALJ made no findings on the nature of Lancellotta's stress, the circumstances that trigger it, or how those factors affect his ability to work.").

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for proceedings not inconsistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge